# AMENDMENT NO. 1 TO LOAN AGREEMENT AND TERM NOTE

THIS AGREEMENT (the "Amendment") is made as of the 1st day of July, 1996 by and between FROST CONTROLS, INC. (the "Borrower"); and STATE STREET BANK AND TRUST COMPANY (the "Lender").

## RECITALS

A. The Lender and the Borrower are parties to a Line of Credit and Term Loan Agreement dated as of November 30, 1995 (the "Loan Agreement"). Capitalized terms used herein without definition shall have the meanings assigned to them in the Loan Agreement.

B. The Borrower has requested a modification to the Term Note payment schedule and an extension of the time in which it may borrow advances under the Term Loan.

C. Subject to the terms and conditions hereof, the Lender is willing to agree to the same, as hereinafter set forth.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. **Amendments to Loan Agreement and Term Note.**

Subject to the terms of this Amendment, the Loan Agreement and the Term Note are hereby amended as follows:

(A) **Term Loan Advances.** Section 2.01(a) of the Loan Agreement is amended to read in its entirety as follows:

> "(A) **Term Loan.** Subject to the terms of this Agreement, Lender agrees to make the term loan (the "Term Loan") to Borrower in the aggregate principal amount of up to $750,000. Subject to the terms and conditions in Article IV, Lender agrees to advance the Term Loan as follows: Up to $350,000 may be advanced on the date hereof or at any time hereafter until June 30, 1997; $100,000 shall be advanced following the receipt by Borrower of export certification from the Recognized Organization, provided such certification is received on or before June 30, 1997; and $300,000 shall be advanced upon Lender's satisfaction in its reasonable discretion that Borrower has demonstrated quantifiable Export Marketing Success. As used herein, "Export Marketing Success" shall mean the date by which Lender is satisfied in its reasonable discretion that Borrower has reached $200,000 in export sales, which date must occur on or before nine months from the date of Borrower's receipt of such export certification and by June 30, 1997 in order for the final $300,000 to be advanced. The Term Loan shall be evidenced by the Term Note, which is hereby incorporated by reference and made a part hereof."

(B) **Term Note Amortization.** The third paragraph of the Term Note is amended to read in its entirety as follows:

"The principal of this Note shall be repaid in seventy-seven consecutive monthly payments, beginning on July 1, 1996, with the seventh-eighth and final payment of all amounts outstanding hereunder due and payable on December 1, 2002. On July 1, 1996, the monthly payment under the Note shall be $1,282.05 and the next seventy-six consecutive monthly payments will be in the same amount, with all outstanding principal and interest due on December 1, 2002. At the time of each subsequent advance under the Term Loan, the Borrower agrees to execute a new amendment to the Note, increasing such monthly installment payments based on such subsequent advance, obligating Borrower thereafter to pay consecutive equal monthly payments over the remaining term of this Note until this Note is paid in full, with no balloon payment resulting on the maturity date, December 1, 2002."

2. **No Further Amendments.**

Except as specifically amended hereby, the Loan Agreement and the Term Note shall remain unmodified and in full force and effect and is hereby ratified and affirmed in all respects, and the indebtedness of the Borrower to the Lender evidenced thereby and by the Export Line of Credit Note is hereby reaffirmed in all respects.

3. **Certain Representations of the Borrower.**

As a material inducement to the Lender to enter into this Amendment, the Borrower hereby represents and warrants to the Lender (which representations and warranties shall survive the delivery of this Amendment), after giving effect to this Amendment, as follows:

(A) The execution and delivery of this Amendment has been duly authorized by all requisite corporate action on the part of the Borrower and will not violate any provision of law, any order, judgment or decree of any court or other agency of government, or the articles or bylaws of any of the parties thereto or any indenture, agreement or other instrument to which any of the parties thereto is bound, or be in conflict with, or result in a breach of, or constitute (with due notice or lapse of time or both) a default under, or result in the creation or imposition of any lien, charge, or encumbrance of any nature whatsoever upon any of the property or assets of any of the parties thereto pursuant to, any such indenture, agreement or instrument.

(B) Except as set forth below, the representations and warranties contained in the Loan Agreement and in the Security Documents and the information set forth in the Exhibits thereto are true and correct in all material respects on and as of the date of this Amendment as though made at and as of such date (except to the extent that such representations and warranties expressly relate to an earlier date or except to the extent variations therefrom have been permitted under the terms of the Loan Agreement or otherwise in writing by the Lender). No material adverse change has occurred in the assets, liabilities, financial condition, business or prospects of the Borrower from that disclosed in the financial statements reference in Section 1 of Schedule B to the Loan Agreement or in the financial statements most recently furnished to the Lender pursuant to the Loan Agreement. No Default has occurred and is continuing.

(C) This Amendment constitutes the legal, valid and binding obligations of the Borrower, enforceable against it in accordance with its terms, subject to bankruptcy, insolvency, reorganization, moratorium and similar laws affecting the rights and remedies of creditors generally or the application of principles of equity, whether in any action at law or proceeding in equity, and subject to the availability of the remedy of specific performance or of any other equitable remedy or relief to enforce any right thereunder.

4. **Conditions**.

The willingness of the Lender to agree to the foregoing and to make further advances under the Loan Agreement are subject to the following conditions:

(A) The Borrower shall have executed and delivered to the Lender (or shall have caused to be executed and delivered to the Lender by the appropriate persons) the following:

(i) This Amendment;

(ii) True and complete copies of any required stockholders' and directors' consents and/or resolutions, authorizing the execution, delivery of this Amendment and other documentation referred to in this Section 4, certified by the clerk of the Borrower;

(iii) The Borrower shall deliver to the U.S. Small Business Administration, 380 Westminster Mall, Providence, RI 02903, Attn: Ms. Jean Sawyer, its reviewed Financial Statements for its fiscal year end December 31, 1996 at the time it is required to furnish the same to Lender under the Loan Agreement; and

(iv) Such other supporting documents and certificates as the Lender or its counsel may reasonably request.

(B) All legal matters incident to the transactions contemplated hereby shall be satisfactory to counsel for the Lender.

5. **Miscellaneous**.

(A) This Amendment shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts.

(B) This Amendment may be executed by the parties hereto in several counterparts hereof and by the different parties hereto on separate counterparts hereof, all of which counterparts shall together constitute one and the same agreement.

IN WITNESS WHEREOF, the Lender and the Borrower have caused this Amendment to be duly executed as a sealed instrument by their duly authorized representatives, all as of the day and year first above written.

Witness:

Noel M. Chiavetta

FROST CONTROLS, INC.

By: [signature] 10/23/96

Robert Thomson Pres.

Print name; title

STATE STREET BANK AND TRUST COMPANY

By:____________________

____________________

Print name; title