RECEIVED APR 7 2005

LOONEY, COHEN, REAGAN & AISENBERG LLP
COUNSELLORS AT LAW
109 STATE STREET
BOSTON, MASSACHUSETTS 02109
TELEPHONE (617) 371-1050
TELECOPIER (617) 371-1051

April 6, 2005

**VIA OVERNIGHT MAIL and**
**FACSIMILE 401-331-3440**

J. Richard Ratcliffe
Ratcliffe Burke Harten & Elias LLP
1600 Financial Plaza
Providence, Rhode Island 02903

Re: Frost Controls, Inc.; Commercial Loan Number 101-0486221-0001

Dear Richard:

I have now fully reviewed your letter dated January 4, 2005, and the arguments set forth therein as to why your clients dispute the amount claimed due by my client, Citizens Bank of Massachusetts (the "Bank"), for the above-referenced loan. The parties do not dispute that the loan has matured and that all amounts are currently due and owing. As I understand your letter and the arguments you and your client made at our meeting last Fall, your primary claim is that the handwritten Outstanding Balance, as set forth in the Allonge, should have been the balance as of August 1, 1999, thus reducing the amount currently outstanding. The Bank disagrees and contends that the handwritten Outstanding Balance as set forth in the Allonge was the balance as of October 1, 1999, and that the current balance of principal and interest as of April 6, 2005 is $64,228.83, for at least the following reasons:

The Bank relies upon its books and records. Based on those books and records, the balance set forth in the allonge of $130,410.32 (the "Outstanding Balance") was, and could only be, the balance as of October 1, 1999 (not August 1, 1999, as your clients would claim). This is confirmed by the date upon which the allonge was signed and delivered to the Bank. Clearly, the allonge was signed first by Frederick G. Thomson. His signature is notarized on September 30, 1999. Thereafter, the amount was handwritten in on the first page of the allonge (based on the Bank's records as to the balance on that day) and the allonge was then signed by Robert J. Thomson and Gerald S. Algere, who each initialed the amount, and delivered it to the Bank. Had the amount been filled in when the allonge was signed by Frederick G. Thomson, he would have initialed it. The handwritten amount of the Outstanding Balance was based on the balance due as of the date it was filled in, to wit, October 1, 1999.

Furthermore, if the amount was intended to be the balance as of August 1, 1999, then there would have been no reason to leave it blank in the final document (when it was delivered to Frederick G. Thomson for his signature). The balance as of August 1, 1999, was historical by the time the allonge got circulated and signed in late September 1999. Finally, the letter you attached dated June 23, 1999, also supports what occurred. This was to be a five year extension of credit, from August 1, 1999, through an August 1, 2004 maturity date. The five years was intended to begin on August 1, 1999, and the $250,000 balance would be effective as of that date. The borrowing amount would be determined as of that date (i.e., August 1, 1999), irrespective of the balance on a closing date several months later. This explains why, despite a lower balance of only $130,410.32 on October 1, 1999, only $110,923.02 was disbursed. The disbursement of $110,923.02 is plainly based on the available balance as of August 1, 1999, even though the handwritten balance in the allonge is as of October 1, 1999. Otherwise, your clients would have requested a higher disbursement when the allonge closed on October 1, 1999.

All of the points raised in your letter dated January 4, 2005, have been fully considered and, in part for the reasons set forth herein, have been rejected. Based on our past review of these claims, the Bank understands that your clients are not willing to meet their obligations. The Bank has now exhausted its efforts to reach a consensual resolution. As a result, the Bank has set off $68,644.83, the full amount of the obligation, including principal, interest, costs and fees, from Frederick G. Thomson's account #47865603. Such right of setoff is expressly authorized by the Guaranty of Frederick G. Thomson dated November 30, 1995.

Thank you for your attention to these matters, and please call me if you have any questions or comments.

Very truly yours,

David C. Aisenberg

cc: Christine A. Butler