UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FROST CONTROLS, INC., ROBERT J. THOMSON and FREDERICK G. THOMSON,<br><br>Plaintiffs,<br>v.<br><br>CITIZENS BANK OF MASSACHUSETTS,<br><br>Defendant. | ) | CIVIL ACTION NO.: 05-270-S |

**ANSWER**

The defendant Citizens Bank of Massachusetts ("Citizens") answers the correspondingly numbered paragraphs of the Complaint by denying each and every allegation contained in the Complaint, unless specifically admitted herein, and does so without waiving but expressly reserving all rights that it might have to seek relief by appropriate motions directed to the allegations of the Complaint, and further admits, denies and alleges as follows:

Parties

1. Citizens is without knowledge or information sufficient to form a belief as to the truth of any averments contained in paragraph 1 of the Complaint and, therefore, denies same.

2. Admitted.

3. Citizens is without knowledge or information sufficient to form a belief as to the truth of any averments contained in paragraph 3 of the Complaint and, therefore, denies same.

4. Citizens is without knowledge or information sufficient to form a belief as to the truth of any averments contained in paragraph 4 of the Complaint and, therefore, denies same.

## Jurisdiction

5. Citizens states that paragraph 5 of the Complaint contains a conclusion of law to which no response is required; otherwise Citizens denies the allegations in paragraph 5.

6. Citizens states that paragraph 6 of the Complaint contains a conclusion of law to which no response is required; otherwise Citizens denies the allegations in paragraph 6.

## General Allegations

7. Citizens admits that a Line of Credit and Term Loan Agreement is attached to the Complaint as Exhibit A and that a Note is attached to the Complaint as Exhibit B and that the documents speak for themselves; otherwise Citizens denies the allegations in paragraph 7.

8. Denied.

9. Citizens admits that a Line of Credit and Term Loan Agreement is attached to the Complaint as Exhibit A and that the document speaks for itself; otherwise Citizens denies the allegations in paragraph 9.

10. Citizens admits that a Line of Credit and Term Loan Agreement is attached to the Complaint as Exhibit A and that a Note is attached to the Complaint as Exhibit B and that the documents speak for themselves; otherwise Citizens denies the allegations in paragraph 10.

11. Citizens admits that a Line of Credit and Term Loan Agreement is attached to the Complaint as Exhibit A and that a Note is attached to the Complaint as Exhibit B and that the documents speak for themselves; otherwise Citizens denies the allegations in paragraph 11.

12. Citizens admits that a U.S. Small Business Administration Authorization and Loan Agreement is attached to the Complaint as Exhibit C and that the document speaks for itself; Citizens further states that paragraph 12 of the Complaint may contain conclusions of law to which no response is required; otherwise Citizens denies the allegations in paragraph 12.

13. Citizens admits that an Amendment No. 1 to Loan Agreement and Term Note is attached to the Complaint as Exhibit D and that the document speaks for itself; otherwise Citizens denies the allegations in paragraph 13.

14. Citizens admits that an Allonge and Amendment to U.S. Small Business Administration Note between Frost Controls, Inc. and State Street Bank and Trust Company ("Allonge") was executed and that the document speaks for itself; otherwise Citizens denies the allegations in paragraph 14.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied, except to admit specifically that Citizens complied with all of the terms of the loan documents.

21. Citizens admits that a document is attached to the Complaint as Exhibit H and that the document speaks for itself; Citizens further states that paragraph 21 of the Complaint may contain conclusions of law to which no response is required; otherwise Citizens denies the allegations in paragraph 21.

22. Citizens admits that a document is attached to the Complaint as Exhibit I and that the document speaks for itself; otherwise Citizens denies the allegations in paragraph 22.

23. Denied.

24. Citizens admits that documents are attached to the Complaint as Exhibit J and Exhibit K and that the documents speak for themselves; otherwise Citizens denies the allegations in paragraph 24.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Citizens admits that a document is attached to the Complaint as Exhibit M and that the document speaks for itself; otherwise Citizens denies the allegations in paragraph 29.

30. Denied.

31. Citizens admits that a document is attached to the Complaint as Exhibit N and that the document speaks for itself; otherwise Citizens denies the allegations in paragraph 31.

COUNT 1: WRONGFUL SETOFF AND BREACH OF GUARANTY CONTRACT

32. Citizens repeats and incorporates by reference its responses to paragraphs 1 through 31 above as if fully set forth herein.

33. Denied.

34. Denied.

COUNT II: BREACH OF ACCOUNT CONTRACT

35. Citizens repeats and incorporates by reference its responses to paragraphs 1 through 34 above as if fully set forth herein.

36. Denied.

37. Denied.

COUNT III: DECLARATORY RELIEF

38. Citizens repeats and incorporates by reference its responses to paragraphs 1 through 37 above as if fully set forth herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

COUNT IV: BREACH OF CONTRACT

43. Citizens repeats and incorporates by reference its responses to paragraphs 1 through 42 above as if fully set forth herein.

44. Citizens admits that a document is attached to the Complaint as Exhibit H and that the document speaks for itself; otherwise Citizens denies the allegations in paragraph 44.

45. Citizens states that paragraph 45 of the Complaint contains a conclusion of law to which no response is required; otherwise Citizens denies the allegations in paragraph 45.

46. Denied.

47. Denied.

48. Denied.

FIRST AFFIRMATIVE DEFENSE

The Complaint and each count thereof fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

The plaintiffs cannot recover because they have not suffered any damages.

THIRD AFFIRMATIVE DEFENSE

The plaintiffs cannot recover because their acceptance of the Note constitutes an accord and satisfaction

FOURTH AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to declaratory relief because there is not an actual case or controversy.

FIFTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovering against Citizens by the doctrines of unclean hands and laches.

SIXTH AFFIRMATIVE DEFENSE

The plaintiffs are estopped from recovering against Citizens or have waived their right to recover.

SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs cannot recover for breach of contract because they did not perform their obligations under any such contract and they breached the contract upon which their claims are based.

EIGHTH AFFIRMATIVE DEFENSE

Citizens possesses legal and equitable rights of offset for the claims brought by the plaintiffs based upon breaches of the contracts by the plaintiffs.

NINTH AFFIRMATIVE DEFENSE

Citizens performed all of its obligations under any contracts with the plaintiffs.

TENTH AFFIRMATIVE DEFENSE

The plaintiffs cannot recover because their claims are barred by the statute of frauds.

ELEVENTH AFFIRMATIVE DEFENSE

This action should be dismissed pursuant to Rule 11, and/or pursuant to Mass. Gen. Laws c.231 § 6F, and/or pursuant to R.I. Gen. L. § 9-1-45, and costs and attorney's fees should be assessed against the plaintiffs because all claims against Citizens are wholly insubstantial, frivolous, not advanced in good faith, were brought and maintained in bad faith, vexatiously, wantonly or for oppressive purposes, and/or there is a complete absence of a justiciable issue of either law or fact.

CITIZENS BANK OF MASSACHUSETTS

By its attorneys,

David C. Aisenberg #5108
Looney, Cohen, Reagan & Aisenberg LLP
109 State Street
Boston, MA 02109
617-371-1050

**CERTIFICATE OF SERVICE**

I, David C. Aisenberg, counsel for the defendant, do hereby certify that on June 19, 2005, a true copy of the above document was served on the plaintiffs, through their attorney, via Federal Express.

David C. Aisenberg